■ KEY-VENTURES, INC., Respondent, v WILLARD C. RAPP-LEYE, JR., Appellant.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered November 28, 1989, which denied defendant's motion for summary judgment dismissing the complaint pursuant to CPLR 3212, is unani-mously affirmed, without costs.

Whether the payment of a brokerage commission was condi-tioned upon the defendant finding a suitable replacement home raises a question of fact precluding the grant of sum-mary judgment. Even assuming that such a qualifying condi-tion was imposed initially, in view of the sworn statements of plaintiff's agent that defendant refused to consummate the sale simply because he changed his mind, there are also questions of fact as to whether this condition was waived and whether defendant's refusal to consummate the sale was made in good faith.

Plaintiff brought this action to recover a brokerage commis-sion for the sale of real property. Defendant moved for sum-mary judgment dismissing the complaint, claiming that the

plaintiff broker had failed to meet a condition of the sale, i.e., that the defendant seller find a suitable home on Long Island before executing any contract of sale on his cooperative apartment. The IAS court denied this motion. On appeal, plaintiff requests that this court search the record and grant summary judgment to plaintiff.

In February 1982, defendant's wife listed an apartment in the cooperative building, with the plaintiff, for sale. Plaintiff broker's "listing" and "ledger", a sparse, handwritten entry, identified the apartment and indicates a selling price of $750,000 with $700,000 "net" to the defendant. No other conditions on the listing are stated, nor any terms of any brokerage agreement set forth.

On April 27, 1983, more than a year after the listing was accepted by plaintiff, Kaiser, a vice-president of plaintiff, brought the proposed purchasers to the premises. A price was agreed upon and it was also agreed between plaintiff and defendant that a commission of 6% would be earned. A contract of sale was, in fact, prepared, but was never executed by defendant.

According to defendant, it was always understood that the sale was subject to defendant locating a suitable home on Long Island, which never occurred. Indeed, plaintiff's salesperson, who initially obtained the listing of defendant's apartment, submitted an affidavit below on behalf of defendant stating that acquisition of a suitable new home by the defendant was a stated condition of the brokerage agreement.

In opposition to defendant's motion, plaintiff submitted the affidavit of Evans, the proposed purchaser, who stated that an agreement as to terms had been reached and that he was always ready, willing and able to purchase the apartment. Additionally, plaintiff submitted the affidavit of Kaiser, who stated that he brought Evans and his wife to the apartment, that a price was agreed upon, and that contracts were prepared by the defendant personally, who put a closing date in the proposed contracts; no condition concerning the defendant's obtaining a new residence was contained in the proposed contract of sale. According to Evans, however, on May 13, 1983, he was advised by the defendant that " 'the deal was off' and he was emotionally attached to the apartment and would refuse to sell it".

A real estate broker is entitled to a brokerage commission when it is established that the broker produced a purchaser who was ready, willing and able to buy on terms acceptable to

the seller *(Hecht v Meller,* 23 NY2d 301). The first issue presented is whether, in fact, the brokerage agreement was conditioned upon defendant procuring a suitable new home. Although the salesperson who initially accepted the listing submitted an affidavit stating that, indeed, this was a condition of the agreement for the brokerage fee, nevertheless, the statement of Kaiser that defendant never made a reference to such a condition, and the fact that defendant completed a draft of the proposed contract of sale with no such contingency, raises questions of fact as to whether the condition was ever agreed upon. Further, even if such a condition was a term of the brokerage agreement, questions of fact are raised as to whether that condition was waived. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.